NOT DESIGNATED FOR PUBLICATION

No. 129,113

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KIRSTANNA MARIE HILL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; GRANT D. BANNISTER, judge. Submitted without oral argument. Opinion filed July 17, 2026. Vacated and remanded with directions.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., HURST, J., and PAULA HOFAKER, District Judge, assigned.

PER CURIAM: Kirstanna Marie Hill was arrested and charged with criminal conduct and remained in custody for some period of time before eventually pleading guilty pursuant to a plea agreement. At sentencing, the district court awarded Hill jail time credit for some, but not all, of the time she spent incarcerated pending disposition of the charges in this case. Hill appeals the district court's jail time credit calculation, arguing she was entitled to credit for all the time she spent in custody pending the disposition of this case.

1

While the record on appeal is limited, it is sufficient to demonstrate that Hill was in custody for more time than the district court calculated when awarding jail time credit. Pursuant to applicable Kansas Supreme Court precedent, Hill is entitled to credit for all time in custody pending the disposition of this case. Accordingly, Hill's sentence is vacated as to the jail time credit calculation, and this matter is remanded to the district court for recalculation of her jail time credit award.

FACTUAL AND PROCEDURAL BACKGROUND

This case relates to a dispute about the number of days Hill received in jail credit, and thus the facts are limited to those related to her dates of incarceration. Hill was charged with one count of aggravated robbery and one count of aggravated assault on February 16, 2024. About a year later, pursuant to a plea agreement, on February 24, 2025, Hill pled guilty to one count of robbery and one count of aggravated assault. There are several documents indicating Hill was in custody for some time after her arrest and until she entered the guilty plea.

For example, the first appearance journal entry from August 16, 2024, indicates that Hill was in custody in Riley County Jail at the time of that occurrence. Then, again, the journal entry for a hearing about one month later indicates Hill was in custody; as does a journal entry for the preliminary hearing, which was held in November. Then the docket/activity sheet from December 5, 2024, also indicates Hill was in custody.

Evidence at the plea hearing indicates Hill was in custody at that time as well. After the district court accepted Hill's guilty plea, it granted Hill a four-day furlough from custody—from February 25, 2025, through March 1, 2025—for personal reasons. Then, at the sentencing hearing on March 31, 2025, counsel for Hill said, "She has been in custody since January 2nd of 2025," to which no one objected. The district court sentenced Hill to 49 months for the robbery conviction and 12 months for the aggravated

2

assault conviction, to be served concurrently. The court awarded Hill 108 days of jail credit. The journal entry of sentencing lists the dates of incarceration credit as between "1-2-25" and "3-31-25." An amended journal entry of sentencing identifies the same time range of incarceration credit and lists the award as 89 days of jail credit.

Hill appeals the calculation of her jail credit.

DISCUSSION

On appeal, Hill argues only that the district court erred in calculating her jail time credit. The State does not address the merits of Hill's claim. This means the State does not contend that the district court correctly calculated the jail time credit or that Hill's calculation is in error. The State only argues that because Hill raises this issue for the first time on appeal, the claim is not preserved, and this court should not consider it.

*Preservation*

It is undisputed that Hill failed to object to or raise any challenge to the district court's award of jail time credit at sentencing. Generally, issues not first raised before the district court are not considered on appeal. *State v. Ervin*, 320 Kan. 287, 306, 566 P.3d 481 (2025). However, there are several exceptions to that general prohibition, including: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the district court was right for the wrong reason. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021).

Hill first contends that she is entitled to this court's review because of recent decisions by the Kansas Supreme Court. See *State v. Hopkins*, 317 Kan. 652, 537 P.3d

3

845 (2023); *Ervin*, 320 Kan. at 306-07. Hill argues she should receive the benefit of these cases because they reflect a change in the law that occurred while her appeal was pending—which she alleges "supersedes preservation requirements." Even accepting her superseding argument, she is wrong for two reasons. First, *Hopkins* was decided prior to Hill's criminal conduct that resulted in her convictions in this case. Second, the Kansas Supreme Court has clarified that it does not consider *Ervin* to be a change in the law. See *State v. Romey*, 321 Kan. 400, 405, 419-20, 580 P.3d 1 (2025). Those arguments for review of her unpreserved claim are therefore unpersuasive.

Hill also contends that this court's review is appropriate because her appeal presents a question of law that can be decided on admitted facts—meeting an exception permitting review of unpreserved claims. See *Allen*, 314 Kan. at 283. However, in contrast to that contention, Hill contends that "it is unclear from the existing record exactly how many additional days of jail credit [she] is entitled to" and seeks a remand to the district court for a recalculation. This creates a problem because, "[w]hen an insufficient record prevents resolving an unpreserved issue, an appellate court abuses its discretion by invoking an exception" to preservation. *State v. Unruh*, 320 Kan. 260, 264-65, 565 P.3d 825 (2025).

Hill also invokes another exception permitting review of her unpreserved claim, alleging that "'consideration of the claim is necessary to serve the ends of justice or to prevent the denial of a fundamental right.'" While Hill relies on a case where the Kansas Supreme Court said, "Subjecting a defendant to a longer sentence without a legal basis would be a miscarriage of justice," that case involved different issues than those here. *State v. Williams*, 311 Kan. 88, 94, 456 P.3d 540 (2020). In *Williams,* the defendant argued his sentence was illegal because the law changed while his appeal was pending, which is not the issue present here. However, there remains a concern that based on a calculation error Hill will serve more jail time than the law permitted, as discussed later.

The State argues that Hill has no fundamental interest in jail credit because the calculation and application of jail time credit is a product of statute. See *State v. Babcock*, 226 Kan. 356, 358, 597 P.2d 1117 (1979) (explaining that "[j]ail time credit is wholly a matter of statute"). However, the mere fact that a right is created or governed by statute does not necessarily mean that a person cannot have a fundamental interest in that right. See *Howard v. United States Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (stating that an inmate has a liberty interest in good time credits).

Therefore, this court elects to review Hill's claim to serve the ends of justice— which includes the correct calculation of Hill's jail time credit. See *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024) (describing prudential review of unpreserved claims).

*The Calculation of Hill's Jail Time Credit Was Incorrect*

Hill's claim requires this court to interpret the applicable jail time credit statute, and this court exercises unlimited review over statutory interpretation. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024); K.S.A. 21-6615 (jail time credit statute). When interpreting statutes, this court must determine the Legislature's intent. *H.B. v. M.J.*, 315 Kan. 310, 320, 508 P.3d 368 (2022). When the statute "'is plain and unambiguous,'" this court determines that intent by "'giving common words their ordinary meanings, without adding to or subtracting from the text.'" *Ervin*, 320 Kan. at 306-07. Only when the statute is ambiguous does the court turn to other construction tools to ascertain legislative intent. *State v. Betts*, 316 Kan. 191, 198, 514 P.3d 341 (2022).

The court gave Hill jail time credit for her time in custody beginning January 2, 2025, but the record demonstrates that Hill was in custody prior to January 2, 2025. While the record is not extensive, it demonstrates that Hill was in custody as early as August 2024. The State does not argue that Hill was not in custody at that time.

5

The applicable jail time credit statutory provision in effect at the time Hill committed her crimes provided that:

"In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 21-6615(a).

This is the same version the Kansas Supreme Court analyzed in Ervin, in which the defendant maintained that the defendant was "entitled to a credit for . . . *all* days he was held, even though he was also held on charges in an unrelated case and received credit on his sentence in that unrelated case." *Ervin*, 320 Kan. at 308. The *Ervin* court noted that its prior decision in *Hopkins* "did not limit the holding to sentences involving single cases or concurrent sentences." *Ervin*, 320 Kan. at 308. Ultimately, the Kansas Supreme Court agreed with Ervin and held: "K.S.A. 21-6615 required a district court . . . to award one day of credit for each day that Ervin was incarcerated pending disposition of this case regardless of whether he received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12.

"The court sentences a person convicted of a crime in accordance with the sentencing provisions in effect when the person committed the crime." *State v. Juiliano*, 315 Kan. 76, 80, 504 P.3d 399 (2022). The version of K.S.A. 21-6615 in effect at the time of Hill's underlying criminal activity was the same as that construed in Ervin. *Hopkins* was decided in October 2023, before Hill committed the crimes in this case, and *Ervin* was decided while Hill's appeal was pending. Thus, both *Hopkins* and *Ervin* apply

6

to this appeal. "'[A] party may seek and obtain the benefit of a change in the law during the pendency of a direct appeal.'" *Williams*, 311 Kan. at 95.

In this case, the journal entry of sentencing says Hill was in custody from January 2, 2025, through March 31, 2025. However, there are documents in the record showing that Hill was in custody as early as August 2024 and was in custody for at least some days in September, November, and December of 2024. There is also evidence that Hill was on probation for as many as three different cases when she committed the crimes underlying this appeal, so there is a possibility she did not receive appropriate jail time credit under the then-applied rule. While the record on appeal is scant, it demonstrates that Hill did not receive jail time credit as entitled under *Hopkins* and *Ervin*. Thus, the record demonstrates an error in the jail time credit calculation. The extent of the error is not for this court to decide.

CONCLUSION

The record demonstrates that Hill was in custody for more days than the district court included in its jail time credit calculation. Accordingly, Hill's sentence is vacated and remanded to the district court for recalculation of her jail time credit in accordance with this opinion.

Vacated and remanded with directions.